IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROBERT PRESTON, JR., | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | No. 3:22-cv-588-E-BN |
| | § | |
| DIRECTOR, TDCJ-CID, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Robert Preston, Jr., who appears to now be a former Texas prisoner based on his current address, filed a *pro se* 28 U.S.C. § 2254 application for a writ of habeas corpus collaterally attacking his 1981 Dallas County conviction for murder, which resulted in a sentence of life imprisonment. *See* Dkt. No. 3; *State v. Preston*, No. F81-09855-K (Crim. Dist. Ct. No. 4, Dallas Cnty., Tex. Nov. 22, 1981) (the Judgment).

It is unclear whether Preston appealed the Judgment, but he has filed multiple state habeas petitions concerning it. *See Ex parte Preston*, WR-15,848-26 (Tex. Crim. App. Aug. 5, 2009) (denying relief without written order); *see also Ex parte Preston*, WR-15,848-36 (Tex. Crim. App. Nov. 10, 2021) (taking no action on the writ after noting that the Texas Court of Criminal Appeals (the CCA) "previously entered an order citing [Preston] for abuse of the writ of habeas corpus").

Regardless, this appears to be Preston's first Section 2254 application as to the Judgment. United States District Judge Ada Brown referred the application to the

undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference. And the undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss the Section 2254 habeas application with prejudice as time barred under Rule 4 of the Rules Governing Section 2254 Cases (Habeas Rule 4).

## Legal Standards and Analysis

Habeas Rule 4 allows a district court to summarily dismiss a habeas application "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." *Id.*[1]

Under Habeas Rule 4, the Court should first consider whether Preston is "in custody" under the Judgment. If he is not, Habeas Rule 4 authorizes the Court to summarily dismiss his collateral challenge to this conviction. *See, e.g.*, *Claybon v. Texas*, No. 3:16-cv-2479-K-BN, 2016 WL 5793767, at \*2-\*3 (N.D. Tex. Aug. 29, 2016) (citing *Brown v. Wenerowicz*, Civ. A. No. 13-430, 2013 WL 2404152 (W.D. Pa. May 31, 2013); *Yuen v. Lee*, No. 3:09CV-P919-S, 2010 WL 299277 (W.D. Ky. Jan. 19, 2010)), *rec. accepted*, 2016 WL 5717532 (N.D. Tex. Sept. 28, 2016).

A federal court lacks subject matter jurisdiction to entertain a habeas petition

---

[1] *See also Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999) ("This rule differentiates habeas cases from other civil cases with respect to *sua sponte* consideration of affirmative defenses. The district court has the power under [Habeas] Rule 4 to examine and dismiss frivolous habeas petitions prior to any answer or other pleading by the state. This power is rooted in "the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer." (quoting 28 U.S.C. foll. § 2254 Rule 4 Advisory Committee Notes)).

if, at the time it is filed, the prisoner is not "in custody" under the conviction and sentence that he seeks to attack. *See* 28 U.S.C. § 2241(c); 28 U.S.C. § 2254(a); *Hendrix v. Lynaugh*, 888 F.2d 336, 337 (5th Cir. 1989).

A prisoner need not be physically confined to be "in custody" for the purposes of habeas relief. *See Sinclair v. Blackburn*, 599 F.2d 673, 676 (5th Cir. 1979) ("'[I]n custody' does not necessarily mean 'in custody for the offense being attacked.' Instead, jurisdiction exists if there is a positive, demonstrable relationship between the prior conviction and the petitioner's present incarceration."). Even so, "once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." *Maleng v. Cook*, 490 U.S. 488, 492 (1989); *see also Hendrix*, 888 F.2d at 337-38 (adverse consequences of expired sentence, including possibility that conviction may be used to impeach future testimony and enhance future punishment, held insufficient to satisfy the "in custody" requirement of Section 2254).

Insofar as Preston has been released from state custody but remains on parole or supervised release under the Judgment, which appears plausible, the Court has jurisdiction to consider his Section 2254 application. *See Jones v. Cunningham*, 371 U.S. 236, 243 (1963) ("While petitioner's parole releases him from immediate physical imprisonment, it imposes conditions which significantly confine and restrain his freedom; this is enough to keep him in [ ] 'custody' ... within the meaning of the habeas corpus statute."); *see also Pack v. Yusuff*, 218 F.3d 448, 454 n.5 (5th Cir. 2000)

("Usually, 'custody' signifies incarceration or supervised release, but in general it encompasses most restrictions on liberty resulting from a criminal conviction." (citation omitted)).

Nonetheless, his challenge to the Judgment under Section 2254 remains time barred. And, while "the statute of limitations provision of the AEDPA is an affirmative defense rather than jurisdictional," a district court may dismiss a time barred Section 2254 application *sua sponte* under Habeas Rule 4. *Kiser*, 163 F.3d at 329.

"'[B]efore acting on its own initiative' to dismiss an apparently untimely § 2254 petition as time barred, a district court 'must accord the parties fair notice and an opportunity to present their positions.'" *Wyatt v. Thaler*, 395 F. App'x 113, 114 (5th Cir. 2010) (per curiam) (quoting *Day v. McDonough*, 547 U.S. 198, 210 (2006); alteration to original). Under the circumstances here, these findings, conclusions, and recommendation provide Preston fair notice, and the opportunity to file objections to them (further explained below) affords him a chance to present to the Court his position as to the limitations concerns explained below. *See, e.g., Ingram v. Dir., TDCJ-CID*, No. 6:12cv489, 2012 WL 3986857, at *1 (E.D. Tex. Sept. 10, 2012) (a magistrate judge's report and recommendation gives the parties "fair notice that the case may be dismissed as time-barred, which [gives a petitioner] the opportunity to file objections to show that the case should not be dismissed based on the statute of limitation" (collecting cases)).

AEDPA establishes a one-year statute of limitations for federal habeas

proceedings brought under 28 U.S.C. § 2254. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996, Pub. L. 104-132, 110 Stat. 1214 (1996). The limitations period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the limitations period. *See id.* § 2244(d)(2).

The one-year limitations period is also subject to equitable tolling – "a discretionary doctrine that turns on the facts and circumstances of a particular case," *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999), and only applies in "rare and exceptional circumstances," *United States v. Riggs,* 314 F.3d 796, 800 n.9 (5th Cir. 2002) (citing *Davis v. Johnson,* 158 F.3d 806, 811 (5th Cir. 1998)). "[A] litigant is entitled to equitable tolling of a statute of limitations only if the litigant establishes two elements: '(1) that he has been pursuing his rights diligently, and (2) that some

extraordinary circumstance stood in his way and prevented timely filing.'" *Menominee Indian Tribe of Wis. v. United States*, 577 U.S. 250, 255 (2016) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)).

Taking the second prong first, "[a] petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." *Hardy v. Quarterman*, 577 F.3d 596, 598 (5th Cir. 2009) (per curiam) (citation omitted). This "prong of the equitable tolling test is met only where the circumstances that caused a litigant's delay are both extraordinary *and* beyond [the litigant's] control." *Menominee Indian Tribe*, 577 U.S. at 257.[2]

But "'[t]he diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence.' What a petitioner did both before and after the extraordinary circumstances that prevented him from timely filing may indicate whether he was diligent overall." *Jackson v. Davis*, 933 F.3d 408, 411 (5th Cir. 2019) (quoting *Holland*, 560 U.S. at 653; footnote omitted).

And a showing of "actual innocence" can also overcome AEDPA's statute of limitations. *See McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). But the actual innocence gateway is only available to a petitioner who presents "evidence of

---

[2] *See, e.g., Farmer v. D&O Contractors*, 640 F. App'x 302, 307 (5th Cir. 2016) (per curiam) (holding that because "the FBI did not actually prevent Farmer or any other Plaintiff from filing suit" but instead "advised Farmer that filing suit would have been against the FBI's interest" and "that the RICO claims could be filed after the investigation concluded," "[a]ny obstacle to suit was ... the product of Farmer's mistaken reliance on the FBI, and a party's mistaken belief is not an extraordinary circumstance" (citation omitted)).

innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *Id.* at 401 (quoting *Schlup v. Delo*, 513 U.S. 298, 316 (1995)). That is, the petitioner's new, reliable evidence must be enough to persuade the Court that "'no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *Id.* at 386 (quoting *Schlup*, 513 U.S. at 329).[3]

Preston alleges in his Section 2254 application that he directly appealed the Judgment, but he does not allege when he did so. *See* Dkt. No. 3 at 3. That said, Preston further indicates that he did not file a petition for discretionary review with the CCA. *See id.* And records available online from the CCA confirm this. Those records further indicate that the CCA denied substantive relief as to state habeas claims made by Preston on August 5, 2009. *See Ex parte Preston*, WR-15,848-26. So,

---

[3] *See also Johnson v. Hargett*, 978 F.2d 855, 859-60 (5th Cir. 1992) ("The Supreme Court has made clear that the term 'actual innocence' means *factual*, as opposed to *legal*, innocence – 'legal' innocence, of course, would arise whenever a constitutional violation by itself requires reversal, whereas 'actual' innocence, as the Court stated in *McCleskey [v. Zant*, 499 U.S. 467 (1991)]*, means that the person did not commit the crime." (footnotes omitted)); *Acker v. Davis*, 693 F. App'x 384, 392-93 (5th Cir 2017) (per curiam) ("Successful gateway claims of actual innocence are 'extremely rare,' and relief is available only in the 'extraordinary case' where there was 'manifest injustice.' *Schlup*, 513 U.S. at 324, 327. When considering a gateway claim of actual innocence, the district court must consider all of the evidence, 'old and new, incriminating and exculpatory, without regard to whether it would necessarily be admitted under rules of admissibility that would govern at trial.' *House v. Bell*, 547 U.S. 518, 538 (2006) (internal quotation marks and citations omitted). 'Based on this total record, the court must make "a probabilistic determination about what reasonable, properly instructed jurors would do."' *Id.* (quoting *Schlup*, 513 U.S. at 329). 'The court's function is not to make an independent factual determination about what likely occurred, but rather to assess the likely impact of the evidence on reasonable jurors.' *Id.*" (citations modified)).

in sum, Preston's Section 2254 application – filed no sooner than March 14, 2022, without the benefit of the prison mailbox rule, since Preston is no longer incarcerated – and available state court records establish that Preston's federal-habeas challenge to a state criminal judgment entered on November 22, 1981 is time barred under Section 2241(d)(1)(D) and must be dismissed as untimely absent tolling of the limitations period or establishment of actual innocence.

But Preston has neither shown how another provision of Section 2244(d)(1) could apply here, nor advanced a claim of tolling under the narrow actual innocence gateway, nor established either prong of equitable tolling – that he pursued his rights diligently and that an extraordinary circumstance beyond his control prevented the timely filing of the federal habeas petition. *See* Dkt. No. 3 at 13 (explaining, incorrectly, that the habeas application is timely because "void pronouncement of sentence may be challenged at any time in federal court").

Accordingly, Preston's request for federal habeas relief as to the Judgment should be dismissed with prejudice as time barred.

**Recommendation and Directions to Clerk**

Under Rule 4 of the Rules Governing Section 2254 Cases, the Court should dismiss Petitioner Robert Preston, Jr.'s *pro se* 28 U.S.C. § 2254 application for a writ of habeas corpus with prejudice as time barred. And the Court should direct that the Clerk of Court serve any order accepting or adopting this recommendation on the Texas Attorney General.

The Clerk shall serve electronically a copy of this recommendation and the

petition, along with any attachments thereto and brief in support thereof, on the Texas Attorney General as counsel for Respondent, directed to the attention of Edward L. Marshall, Chief, Criminal Appeals Division, Texas Attorney General's Office. *See* RULE 4, RULES GOVERNING SECTION 2254 CASES IN THE UNITED STATES DISTRICT COURTS.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: March 30, 2022

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE